```
         UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
              WESTERN DIVISION
```

UNITED STATES OF AMERICA

VERSUS                                  CRIMINAL ACTION NO. 5:06cr18-DCB-JCS

ROBERT C. ARLEDGE                                                  DEFENDANT

## ORDER

This matter comes before the Court on the defendant's Motion for Bail Pending Appeal [**docket entry no. 123**]. Having carefully considered the Motion, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. BACKGROUND

On March 23, 2007, the defendant Robert C. Arledge was found guilty by a jury of his peers on one count of conspiracy to commit mail and wire fraud (Count 1 of the indictment), four counts of mail fraud (Counts 2-5 of the indictment), and two counts of wire fraud (Counts 6-7 of the indictment) in contravention of 18 U.S.C. §§ 371, 1341, and 1343, respectively. This Court sentenced the defendant to a total term of imprisonment of seventy-eight months for these crimes on October 11, 2007. On October 16, 2007, Mr. Arledge filed a Notice of Appeal [docket entry no. 118] with the United States Court of Appeals for the Fifth Circuit indicating his intent to appeal his conviction and sentence. On November 28, 2007, the defendant filed the instant Motion for Bail Pending

Appeal [docket entry no. 123], which the United States does not oppose.

## II. ANALYSIS

In his Motion, the defendant makes four central arguments: 1)the evidence presented at trial pertaining to his knowledge and specific intent to participate in a conspiracy or scheme to commit mail and/or wire fraud was insufficient to sustain his convictions; 2)the evidence was insufficient to prove that the mailings and/or wirings furthered the scheme to defraud; 3)the Court committed reversible error when it excluded evidence proffered by the defendant which would have rebutted an inference of willful blindness; and 4)the Court erred when it denied the defendant's motion for a mistrial after the admission of prejudicial evidence regarding Mr. Arledge's lavish spending habits and allowed the United States to re-open its case to present similar evidence re-emphasizing such habits — — — evidence which was germane to the money laundering counts on which the defendant was eventually acquitted.

"A convicted defendant has no constitutional right to bail." United States v. Olis, 450 F.3d 583, 585 (5th Cir. 2006). "[A]ny putative right to bail derives from 18 U.S.C. § 3143, which 'establishes a presumption against' its being granted."  Id. (quoting United States v. Williams, 822 F.2d 512, 517 (5th Cir. 1987)).

Title 18 U.S.C. § 3143(b), which permits a Court to order a defendant's release pending an appeal, reads in pertinent part:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (I) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

According to the defendant "[t]he only issue, then, is whether his appeal raises 'substantial questions of law or fact' likely to result in a reversal or an order for a new trial."  (Mot. Bail Pend. App. 2.)

Under Fifth Circuit precedent, a "'substantial question' means that the issue presented must raise a substantial doubt (not merely a fair doubt) as to the outcome of its resolution." United States v. Valera-Elizondo, 761 F.2d 1020, 1024 (5th Cir. 1985).  To put it another way, "'it is a close question or one that very well could be decided the other way'" by the appellate court.  Id. (adopting the interpretation espoused in United States v. Giancola, 754 F. 2d 898, 901 (11th Cir. 1985)).  The Fifth Circuit also instructs that

the word "likely" in § 3143(b)(2) is to be accorded its "ordinary meaning of 'more probable than not.'" Id. at 1025.  In addition, a substantial question must be likely to result in reversal or an order for a new trial on "all counts on which imprisonment has been imposed."  Id.

Accepting the defendant's characterization of the issue and assuming that Mr. Arledge has borne his burden of showing that he is not a flight risk, that he does not pose a risk to the safety of any other person or the community at large, and that his appeal is not interposed for the purpose of delay, the Court is not persuaded that any of the issues raised by his appeal present a "substantial question."  In further support of its decision, the Court incorporates herein by reference its remarks and findings made at the hearing regarding bail pending appeal which was conducted on January 17, 2008, at which time the Court reached conclusions which are restated herein.

First, the Court is of the opinion that the jury was properly instructed on the law.  Moreover, there was ample evidence from which a rational and reasonable jury could find the defendant guilty, just as the jury did so find beyond a reasonable doubt. This was a thirty-six count indictment, counts nine through thirty-four being money laundering counts.  On these, the defendant was found not guilty.  Moreover, the jury found the defendant not guilty on count eight which was a wire fraud count.  As to counts

one through seven the unanimous verdict of the jury was guilty. This indicates that the jury carefully considered the evidence separately as to each individual count of the indictment and rendered its verdict accordingly.

In further support of its decision, the Court points to the testimony of Regina Green.  She testified that she provided false information to Greg Warren, information that Green knew to be false and fabricated.  She testified that she spoke to Mr. Arledge, that Mr. Arledge called her about these matters and that, according to Green, the purpose of the call was to assure Mrs. Green that the falsified records would be sent to Texas where they would be boxed and never again seen.  This testimony was uncontradicted in the record.

Moreover, Christie Cox Clay who worked at the Arledge law firm testified that she approached Mr. Arledge about her concerns regarding fraudulent medical records which were being used to support various claims.  Ms. Clay testified that Mr. Arledge having been advised of the possible fraudulent nature of these claims responded by telling Ms. Clay not to worry about it – just process them – "I'll handle it."

### III. CONCLUSION AND ORDER

Based on this testimony, together with all other evidence, the Court cannot find that there is a substantial question of law or fact likely to result in either reversal or an order for a new

trial.  Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion for Bail Pending Appeal [**docket entry no. 123**] is **DENIED.**

**SO ORDERED,** this the 24th day of January 2007.


                                              s/ David Bramlette
                               **UNITED STATES DISTRICT JUDGE**