```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

**UNITED STATES OF AMERICA**

**v.**                                    CRIMINAL NO. 5:06cr18DCB-JCS

**ROBERT C. ARLEDGE**

### ORDER

    This cause is before the Court on a Third Party Petition for the Return of Forfeited Funds filed on behalf of Diet Drugs Qualified Settlement Fund and Diet Drugs II Qualified Settlement Fund and on a Motion to Petition for Ancillary Hearing to Adjudicate Interest in Property on behalf of Gloria Middleton et al. After due consideration of record in this matter, as well as the evidence presented at the Ancillary Hearing, the Court finds as follows:

    1.  On August 27, 2007, Gloria Middelton, and others on behalf of a class of others similarly situated, filed a petition to adjudicate their interest in the proceeds of $375,000 ordered forfeited in this matter by the Court on July 6, 2007.

    2.  Middleton asserts that she, and the class she represents, have a valid right, title and interest in the $375,000.00 in United States Currency ordered forfeited

in this matter as the defendant, Robert C. Arledge, misappropriated funds from the Petitioners as set forth in the class action lawsuits attached as Exhibits "A" and "B" to her petition.

3. On September 13, 2007, Diet Drugs Qualified Settlement Fund and Diet Drugs II Settlement Fund (hereinafter referred to as the "Funds"), filed a Third-Party Petition for the Return of Forfeited Funds. "Funds" asserts that the Diet Drugs Qualified Settlement Fund and Diet Drugs II Settlement Fund were created to distribute settlement funds pursuant to Court orders from the Circuit Court of Jefferson County, Mississippi and the Chancery Court of the First Judicial District of Hinds County. "Funds" therefore claims that they have an interest in the $375,000.00 superior to any other party at the time of the acts giving rise to the forfeiture.

4. Pursuant to Title 21, United States Code, Section 853(n) this matter was set for an Ancillary Hearing to be heard on April 9, 2008 at 1:30 p.m. The Petitioners and/or Movants did not appear at the Ancillary Hearing.

5. The government alleges that Petitioner, Middleton, lacks standing to assert an interest in the $375,000.00 as she claims her interest by virtue of pending lawsuits and has not reduced a judgment to a lien on a specific asset.

6. On March 31, 2007, the District Court for the Southern District of Mississippi, entered orders dismissing civil actions numbers 3:06cv303 and 3:07cv350 which are the lawsuits attached to Middleton's petition.

7. The government does not contest the Third Party Petition of the Diet Drugs Qualified Settlement Fund and Diet Drugs II Qualified Settlement Fund and submits that the fraudulent settlement payments involved in this matter were paid from the Diet Drugs Qualified Settlement Fund and/or Diet Drugs II Qualified Settlement Fund.

8. Pursuant to Title 18, United States Code, Section 853(n)(6), the burden is upon the petitioners to establish by a preponderance of the evidence that they have a legal right, title or interest in the property that was vested in them rather than the defendant or was superior to any right, title or interest of the defendant at the time of the commission of the acts giving rise to the forfeiture of the property or that they are bona fide purchasers for value.

9. The petitioners Gloria Middleton et al have failed to prove by a preponderance of the evidence that they had a right, title or interest that was superior to the interest of the defendant at the time of the acts giving rise to the

forfeiture. They also have failed to establish that they have standing to assert any claim to the forfeited property.

10. The Court finds from a review of the record, as well as from the evidence presented at the trial of the criminal case in this matter, that Diet Drugs Qualified Settlement Fund and Diet Drugs II Qualified Settlement Fund have established that they had a right, title and interest that was superior to the interest of the defendant at the time of the acts giving rise to the forfeiture.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the sum of $375,000.00 forfeited in this matter shall be tendered to the Diet Drugs Qualified Settlement Fund and Diet Drugs II Qualified Settlement Fund for disposition in accordance with law, policy, and regulations.

HOWEVER, IT IS FURTHER ORDERED AND ADJUDGED that the United States Marshal shall make no dispersal of these funds to the Diet Drugs Qualified Settlement Fund and Diet Drugs II Qualified Settlement Fund until the expiration and final disposition of the direct appeal process, including any appeal to the United States Court of Appeals for the Fifth Circuit Court of Appeals, and/or any petition for a writ of certiorari to the United States Supreme Court.  In the event no appeal is taken, dispersal of the funds shall be made as provided for by

further order of this Court. Should the conviction of **ROBERT C. ARLEDGE** be reversed by the Fifth Circuit Court of Appeals and/or the United States Supreme Court, and the indictment dismissed, or should the conviction be vacated by the Fifth Circuit Court of Appeals and/or the United States Supreme Court and the defendant, **ROBERT C. ARLEDGE** be subsequently found "not guilty," said funds shall be returned to the defendant. If the defendant's conviction is affirmed by the Fifth Circuit Court of Appeals, and a subsequent petition for a writ of certiorari is denied, or, if a petition for a writ of certiorari is granted, and the conviction is affirmed by the United States Supreme Court, the $375,000.00 shall be dispersed as provided for in this order and any further orders of this Court.

SO ORDERED AND ADJUDGED this  23rd  day of  April , 2008.

                                                       s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE