**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**UNITED STATES**                                                                                    **PLAINTIFF**

**VS.**                                   **CRIMINAL ACTION NO: 5:06-cr-18-DCB-JCS**

**ROBERT C. ARLEDGE**                                                                   **DEFENDANT**

**ORDER DENYING MOTION FOR TERMINATION OF SUPERVISED RELEASE**

This cause is before the Court on the Defendant Robert C. Arledge's Motion to Terminate Probation **[docket entry no. 210]**. Having carefully considered the motion and the Government's opposition thereto, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds and orders as follows:

Arledge has moved the Court to terminate his probation. The Government points out, however, that Arledge is currently serving a term of supervised release, not probation. "Probation should be distinguished from supervised release: probation is imposed instead of imprisonment, while supervised release is imposed after imprisonment." United States v. Perez-Macias, 335 F.3d 421, 427 n.13 (5th Cir. 2003). But this distinction does not change the analysis of Arledge's request. "Probation and supervised release are conceptually the same." United States v. Lee, 477 F. App'x 539, 540 (11th Cir. 2010).

1

A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" after consideration of the factors in 18 U.S.C. Section 3553. 18 U.S.C. § 3583(e)(1) (2008). These factors are:

1. the nature and circumstances of the offense and the history and characteristics of the defendant

2. the need for the sentence imposed to afford adequate deterrence to criminal conduct

3. the need for the sentence imposed to protect the public from further crimes of the defendant

4. the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

5. the kinds of sentence and the sentencing range for the category of offense and category of defendant and whether the terms of supervised release were violated

6. pertinent policy statements by the Sentencing Commission

7. the need to avoid unwarranted sentence disparities among defendant with similar records who have been guilty of similar conduct, and

8. the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D, (a)(4), (a)(5), (a)(6), and (a)(7) (2010). As the Fifth Circuit has explained, "[t]he statute directs the court to take into account a

variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence." United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).

The Fifth Circuit recognizes the broad discretion accorded district courts in evaluating whether to terminate a term of supervised release. Id. But "[c]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify early termination; early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." United States v. Smith, No. 3:10cr53, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014).

Arledge was convicted of one count of conspiracy and four counts of mail fraud and sentenced to a term of seventy-eight months imprisonment followed by three years of supervised release. Arledge has completed two years of his supervised release and complied with all other terms of his supervision. He further argues that the terms of his supervised release "substantially limit[] his opportunity to obtain gainful employment," though he is currently employed. Mot. Terminate Probation 1-2, ECF No. 210. Compliance with the terms of his supervised release is not, however, sufficient to justify its early termination. See United States v. Medina, 17 F. Supp. 2d 245 (S.D.N.Y. 1998) ("[I]f it were, the

3

exception would swallow the rule."). Further, although the supervised release may inhibit Arledge's ability to find more lucrative employment, this does not warrant early termination. The Court finds that the Defendant has not demonstrated eligibility for termination of his supervised release at this time. He may, however, be eligible for consideration at a later time, provided the Probation Office deems him a worthy candidate for early termination. Accordingly,

IT IS HEREBY ORDERED that the Defendant Robert C. Arledge's Motion to Terminate Probation is DENIED.

SO ORDERED this the 1st day of June 2015.

                                              /s/ David Bramlette
                                              UNITED STATES DISTRICT JUDGE